**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7559**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

REGINALD ANTHONY FALICE,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:98-cr-00244-GCM-1)

Submitted: March 15, 2012              Decided: March 19, 2012

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Reginald Anthony Falice, Appellant Pro Se. Sidney P. Alexander, Assistant United States Attorney, Paul Bradford Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Anthony Falice seeks to appeal the district court's order dismissing a motion that attacked aspects of his federal convictions and imposing sanctions on him for his repeated filing of malicious lawsuits in connection with his convictions.

In a civil case to which the United States is a party, parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Here, the district court's order was entered on the docket on February 24, 2003. The notice of appeal was filed, at earliest, on October 26, 2011.[*] Because Falice failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED